IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MBJS, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. C-1-02-372 |
| VIMAL PATEL, et al., ) | Judge Susan J. Dlott |
| ) | |
| Defendant/Judgment Debtors ) | |
| ) | |

## MOTION TO VACATE DEFAULT JUDGMENT

Now Comes Defendant in the above-captioned matter Vimal Patel, by his attorneys and pursuant to the Federal Rules of Civil Procedure Rule 54(b), Rule 55(c) and Rule 60(b) moves to vacate the judgment entered against this defendant on May 8, 2003 and in support thereof states and alleges as follows:

1.  That the instant proceeding was removed from Butler County Court of Common Pleas on May 24, 2002 to the United States District Court based upon diversity. A copy of this Court's docket is attached hereto as Exhibit 1.

2. On June 25, 2002 defendant Vimal Patel through his attorneys filed an Answer and Affirmative Defenses, a copy of which is attached hereto and made a part hereof as Exhibit 2.

3. On August 2, 2002 the co-defendant Ashvin Patel filed his Answer and Counterclaim. On September 5, 2002, the plaintiff MBJS filed its answer to the counterclaim of defendant Ashvin Patel.

4. On October 23, 2002 the attorneys for the defendants Robert R. Furnier, Todd J. Flagel and the law firm of Furnier & Thomas filed an application to withdraw as attorneys for the

defendant. A copy of the application, Memorandum and Certificate of Service (via regular mail) are attached hereto as Exhibits 3, 4 and 5 respectively. Defendant Vimal Patel never received a copy of this application although on October 30, 2002 the court ordered that counsel was directed to advise defendants by certified mail of the hearing. A copy of this Order is attached as Exhibit 6.

5. Based upon the representations of counsel for the defendant Vimal Patel, this court on December 20, 2002 entered its order granting the motion of said attorneys to withdraw. Vimal Patel did not receive a copy of this Order entered by the court.

6. On December 20, 2002, plaintiff presented a motion for default judgment against the defendants Ashvin Patel and Vimal Patel but the defendant Vimal Patel did not receive any notice of motion or motion as required by Federal Rules of Civil Procedure Rule 55(b)(2) which requires that judgment by default can only be entered upon three days written notice of this hearing given to the party defendant.

7. On May 8, 2003 an order was entered by Judge Susan J. Dlott granting the motion for default judgment against the defendant Vimal Patel, and his co-defendant Ashvin Patel and on that date the court entered its judgment.

8. Defendant Vimal Patel at no time received a copy of the order granting the motion for default judgment or a copy of the judgment entered against him.

9. The court did not rule on the affirmative defenses raised by the defendant Vimal Patel in his Answer or rule on the Counterclaim filed by the defendant Ashvin Patel. Rule 54(b) of the Federal Rules of Civil Procedure states that:

"...the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all claims and the rights and liabilities of all the parties."

10. At all relevant times the defendant Vimal Patel resided at 1240 Blackburn Court, Apartment 104, Gurnee, IL 60031.

11. On January 20, 2004 the plaintiff MBJS, Inc. filed a certification of judgment in the U.S. District Court, Northern District of Illinois (Chicago) designated as case 04-CV-401 which domesticated the default judgment entered May 8, 2003 referred to above.

12. It was not until a Citation to Discover Assets was served upon defendant Vimal Patel on or about March 9, 2004 that the defendant Vimal Patel first became aware that a judgment had been entered against him.

13. Defendant Vimal Patel not only has unresolved affirmative defenses but does have the basis for a counterclaim against the plaintiff MBJS, Inc. and its president, Mulraj Gandhi ("Gandhi") for gross misconduct and fraud perpetrated on the defendants as shareholders of the Plaintiff. The Plaintiff and Gandhi totally disregarded and failed to comply with the provisions of the Ohio Revised Code, Title 17, as hereinafter set forth..

14. On or about March 9, 2002 Mulraj Gandhi as president of MBJS, Inc. executed a letter of intent with SG Management, LLC, a limited liability company owned in part by his son, Samir Gandhi. A copy of this letter of intent is attached hereto and made a part hereof as Exhibit 7. Mulraj Gandhi was given no authority from MBJS to execute this letter of intent.

15. On March 11, 2002 Mulraj Gandhi forwarded a document entitled: The MBJS Inc. Shareholders Annual Meeting, a copy of which is attached as Exhibit 8, scheduling a meeting for April 2, 2002 and setting forth the meeting agenda. This agenda did not include any reference to the sale of substantially all of the assets of the Plaintiff corporation.

16. Shortly after receipt of the notice from Mulraj Gandhi, Ashvin Patel requested an extension of the shareholders' meeting to April 22nd which resulted in the March 28, 2002 facsimile transmission to Ashvin Patel from Mulraj Gandhi advising that the meeting would not be rescheduled. A copy of this facsimile is attached as Exhibit 9.

17. On March 30, 2002 Ashvin Patel and Vimal Patel forwarded a fax to Mulraj Gandhi again requesting this continuance. At no time did Mulraj Gandhi provide any reasons for the urgency of the meeting to take place on April 2, 2002.

18. On March 30, 2002 Mulraj Gandhi forwarded a facsimile transmission to Ashvin Patel forwarding four resolutions to be voted upon none of which related to the sale of substantially all of the assets of the corporation and furthermore indicating that there would be an election of officers and directors. This was the first meeting that was held by the corporation after its initial incorporation. A copy of the facsimile and the attachment is attached hereto and made a part hereof as Group Exhibit 10.

19. That the Exhibit attached in the preceding paragraph indicates that there was only one director Mulraj Gandhi to be voted upon notwithstanding the provisions of Ohio Revised Code, Title 17, Section 1701.56(a)(1) which provides that: "The number of directors as fixed by the Articles or the Regulations <u>shall not be less than three</u> or, if not so fixed, shall be three, provided that where all shares of a corporation are owned of record by one or two shareholders, the number of directors may be less than three <u>but not less than the number of shareholders</u>." Exhibit 10 indicates non-compliance with the Ohio statutes. In addition, no where in the resolutions is there a resolution pertaining to the sale of substantially all of the assets of the corporation which would have required an affirmative vote of the holders of two-thirds of the shares of the corporation pertaining to such proposal pursuant to Section 1701.76(A)(b) of the Ohio Revised Code.

20. The letter of intent to sell the property had already been executed by the president, Mulraj Gandhi on March 9, 2002 in a non-arms length transaction to a limited liability company owned by his son, Samir Gandhi, without authority from the required number of shareholders. Ultimately, Mulraj Gandhi sold the Ramada Inn which comprised substantially all of the assets of MBJS to his son in a non-arms lengths transaction. The facts set forth in the preceding paragraph indicates misconduct and fraud which has not been adjudicated.

21. It should be also noted that the Complaint of MBJS only claimed the involvement of Vimal Patel in the Fifth Claim which fails to state a claim upon which relief should have been granted in accordance with the provisions of Rule 8 of the Federal Rules of Civil Procedure. The Fifth Claim only alleges that Vimal Patel was now the holder of shares of MBJS and "because such shares <u>may</u> have been acquired through fraud, or ... unjust enrichment ... Vimal Patel <u>may</u>

have an interest in this litigation." This allegation does not comply with the requirements of FRCP 8.

WHEREFORE, for the reasons herein enumerated the defendant Vimal Patel respectfully prays that the default judgment entered May 8, 2003 be vacated, that the matter be reinstated and that the defendant Vimal Patel be given leave to file amended responses to the complaint of the plaintiff herein, file an amended counterclaim adding Mulraj Gandhi, for the entry of a stay order as to the judgment entered against him pending the resolution of this Motion, and such other and further relief as this Court deems appropriate.

VIMAL PATEL

By _____
His Attorneys

Gary F. Franke
Gary F. Franke Co., LPA
120 E. Fourth Street, Suite 1040
Cincinnati, Ohio  45202
513-564-9222