**U.S. District Court**
**Southern District of Ohio (Cincinnati)**
**CIVIL DOCKET FOR CASE #: 1:02-cv-00372-SJD**

MBJS Inc v. Patel, et al
Assigned to: Judge Susan J Dlott
Referred to:
Demand: $115000
Lead Docket: None
Related Cases: None
Case in other court: Butler County CPC, CV2002 04 1069
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 05/24/02
Jury Demand: None
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**
-----------------------

**MBJS Inc**

represented by **Mitchell W Allen**
Allen & Crossley LPA
PO Box 435
52 E Mulberry Street
Lebanon, OH 45036
513-933-9011
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-----------------------

**Vimal Patel**

represented by **Rasheed A Simmonds**
Furnier & Thomas
One Financial Way
Suite 312
Cincinnati, OH 45242
513-745-0400
Email: rsimmonds@fandtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Raymond Furnier**
Furnier & Thomas
One Financial Way
Suite 312
Cincinnati, OH 45242
513-745-0400
Email: rfurnier@fandtlaw.com
*TERMINATED: 12/20/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott Rowland Thomas**
Furnier & Thomas
One Financial Way
Suite 312
Cincinnati, OH 45242
513-745-0400
Email: sthomas@fandtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd J Flagel**
Furnier & Thomas
One Financial Way
Suite 312
Cincinnati, OH 45242

513-745-0400
Email: tflagel@fandtlaw.com
*TERMINATED: 12/20/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashvin Patel**                      represented by **Robert Raymond Furnier**
(See above for address)
*TERMINATED: 12/20/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd J Flagel**
(See above for address)
*TERMINATED: 12/20/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**
-----------------------

**Ashvin Patel**                      represented by **Robert Raymond Furnier**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Todd J Flagel**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**
-----------------------

**MBJS Inc**                          represented by **Mitchell W Allen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 05/24/2002 | 1 | NOTICE OF REMOVAL from Butler County Court of Common Pleas Case Number: CV 2002 04 1069 ( no pgs: 3+) (km) (Entered: 05/28/2002) |
| 05/28/2002 | | Filing Fee Paid: on 5/28/02 in the amount of $ 150.00, receipt # 100415008. (km) (Entered: 05/28/2002) |
| 06/25/2002 | 2 | ANSWER by defendant Vimal Patel ( no pgs: 7) (km) (Entered: 06/25/2002) |
| 08/02/2002 | 3 | ANSWER to complaint [1-1] and COUNTERCLAIM by defendant Ashvin Patel against plaintiff MBJS Inc ( no pgs: 8+exh A) (km) (Entered: 08/02/2002) |
| 08/20/2002 | 4 | NOTICE of hearing ; Prelim pretrial conf set for 2:30 9/24/02 Rm 829 before J Dlott , ; FRCP 26(f) deadlines: Discovery Conference ddl set for 9/3/02; JDPlan ddl set for 9/17/02 (cc: all counsel) (km) (Entered: 08/20/2002) |
| 09/05/2002 | 5 | ANSWER by plaintiff MBJS Inc to Counterclaim of defendant Ashvin Patel ( no pgs: 4) (km) (Entered: 09/06/2002) |

| | | |
|---|---|---|
| 09/11/2002 | 6 | NOTICE resetting this action for Preliminary PTC 2:30 10/1/02 Rm 829 before J Dlott (no pgs: 1) (cc: all counsel) (km) (Entered: 09/11/2002) |
| 09/17/2002 | 7 | STATEMENT/FRCP 26(f) JOINT DISCOVERY PLAN filed by parties pursuant to Notice of PPTC [4-3] ( no pgs: 3) (km) (Entered: 09/18/2002) |
| 09/17/2002 | 8 | STATEMENT/FRCP 26(a)(1) INITIAL DISCLOSURES filed by plaintiff ( no pgs: 3) (km) (Entered: 09/18/2002) |
| 10/04/2002 | 9 | ORDER by Judge Susan J. Dlott ; Pltf to exchange Expert Witness lists/reports ddl set for 12/2/02; Deft to exchange Expert Witness lists/reports ddl set for 12/16/02 , ; Discovery ddl set for 2/3/03; Dispositive Mtn filing ddl set for 3/3/03; memopp ddl set for 3/27/03; rply memo ddl set for 4/10/03; Joint Proposed FPTO ddl set for 7/10/03; Final pretrial conf set for 7/18/03 (Time TBD); Trial set for 9:30 8/18/03 on a two-week trailing docket (cc: all counsel) ( no pgs: 4) (km) (Entered: 10/04/2002) |
| 10/23/2002 | 10 | MOTION by defendants' counsel for attorneys Robert R Furnier, Todd J Flagel and the law firm of Furnier & Thomas to withdraw as attorneys for defendants ( no pgs: 3) (km) (Entered: 10/24/2002) |
| 10/30/2002 | 11 | ORDER by Judge Susan J. Dlott setting hearing on motion for attorneys Robert R Furnier, Todd J Flagel and the law firm of Furnier & Thomas to withdraw as attorneys for defendants [10-1] at 11:30 12/13/02 Ctrm 836 before J Dlott; counsel is hereby directed to advise defendants by certified mail of the hearing; failure of defts to appear may be grounds for granting a default judgment (cc: all counsel) ( no pgs: 1) (km) (Entered: 10/30/2002) |
| 12/18/2002 | 12 | CIVIL MINUTES: Proceeding before Judge Susan J. Dlott stmt of counsel; defense counsel is permitted to withdraw;pltf to file motion for default jgm by 12/20/02; counsel shall give to the pltf the dfts last known address;Betty Schwab official court reporter no pgs: 1) (wam) Modified on 12/18/2002 (Entered: 12/18/2002) |
| 12/20/2002 | 13 | ORDER by Judge Susan J. Dlott granting motion for attorneys Robert R Furnier, Todd J Flagel and the law firm of Furnier & Thomas to withdraw as attorneys for defendants [10-1] attorney Robert Raymond Furnier for Vimal Patel, attorney Todd J Flagel for Vimal Patel, attorney Todd J Flagel for Ashvin Patel, attorney Robert Raymond Furnier for Ashvin Patel (cc: all counsel) ( no pgs: 1) (wam) (Entered: 12/20/2002) |
| 12/20/2002 | 14 | MOTION by plaintiff for default judgment against defendants Ashvin Patel, Vimal Patel ( no pgs: 3) (wam) (Entered: 12/23/2002) |
| 01/29/2003 | 15 | Addendum/Supplement of evidence by plaintiff MBJS Inc in support of motion for default judgment against defendants Ashvin Patel, Vimal Patel [14-1] ( no pgs: 4+) (wam) (Entered: 01/29/2003) |
| 05/08/2003 | 16 | ORDER by Judge Susan J. Dlott granting motion for default judgment against defendants Ashvin Patel, Vimal Patel [14-1] terminating case (cc: all counsel) ( no pgs: 2) (wam) (Entered: 05/08/2003) |
| 05/08/2003 | 17 | JUDGMENT: Issued in accordance with Doc 16 (cc: all counsel) ( no pgs: 1) (wam) (Entered: 05/08/2003) |

| PACER Service Center |
|---|
| Transaction Receipt |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION (AT CINCINNATI)

MBJS, INC.,                                    :       Case No. C-1-02 372

    Plaintiff,       **FILED**       :       Judge Dlott

vs.                          JUN 2 5 2002

               KENNETH J. MURPHY        :       **ANSWER OF DEFENDANT**
VIMAL PATEL, et. al.,        CINCINNATI, OHIO, Clerk         **VIMAL PATEL**

    Defendants.                                :

Defendant, Vimal Patel ("Defendant"), by and through counsel, for his Answer to
Plaintiff's Complaint states as follows:

## PRELIMINARY STATEMENT

Defendant denies each and every allegation of the Complaint not expressly
admitted below. Defendant reserves the right to assert any additional affirmative defenses
or matters in avoidance as may be disclosed during the course of additional investigation
and discovery.

## FIRST DEFENSE

1.      Defendant lacks knowledge or information sufficient to form a belief as to
the truth of the allegation contained in Paragraph 1 of the Complaint.

2.      Admit.

3.      Defendant lacks knowledge or information sufficient to form a belief as to
the truth of the allegation contained in Paragraph 3 of the Complaint.

4.      Defendant lacks knowledge or information sufficient to form a belief as to
the truth of the allegation contained in Paragraph 4 of the Complaint.

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 5 of the Complaint.

6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 6 of the Complaint.

7.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 7 of the Complaint.

8.    Admit.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of the Complaint.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10 of the Complaint.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 11 of the Complaint.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 12 of the Complaint.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 of the Complaint.

**First Claim**

14.    Defendant incorporates his Answers to Paragraphs 1 through 13 of the Complaint as if fully rewritten herein.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 15 of the Complaint.

2

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 16 of the Complaint.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 17 of the Complaint.

18.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 18 of the Complaint.

19.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 19 of the Complaint.

**Second Claim**

20.    Defendant incorporates his Answers to Paragraphs 1 through 19 of the Complaint as if fully rewritten herein.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 21 of the Complaint.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 22 of the Complaint.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 23 of the Complaint.

24.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 24 of the Complaint.

**Third Claim**

25.    Defendant incorporates his Answers to Paragraphs 1 through 24 of the Complaint as if fully rewritten herein.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 26 of the Complaint.

27.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 27 of the Complaint.

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 28 of the Complaint.

29.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 29 of the Complaint.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 30 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 31 of the Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 32 of the Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 33 of the Complaint.

**Fourth Claim**

34.    Defendant incorporates his Answers to Paragraphs 1 through 33 of the Complaint as if fully rewritten herein.

35.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 35 of the Complaint.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 36 of the Complaint.

4

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 37 of the Complaint.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 38 of the Complaint.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 39 of the Complaint.

### Fifth Claim

40.    Defendant incorporates his Answers to Paragraphs 1 through 39 of the Complaint as if fully rewritten herein.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 41 of the Complaint.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 42 of the Complaint.

### SECOND DEFENSE

43.    The Complaint fails to state a claim upon which relief may be granted.

### THIRD DEFENSE

44.    The Complaint is barred due to Plaintiff's unclean hands.

### FOURTH DEFENSE

45.    All claims asserted in the Complaint against Defendant are barred by the doctrines of estoppel, waiver, release and/or laches.

### FIFTH DEFENSE

46.    The Complaint is barred by the applicable statutes of limitations.

5

## SIXTH DEFENSE

47.     Plaintiff's claim for punitive damages violates the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fourteenth Amendment, the Commerce Clause of Article I, Section 8, and the Supremacy Clause of Article II of the United States Constitution, and is, therefore, barred.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendant, Vimal Patel, prays for judgment in his favor and against Plaintiff, dismissing the Complaint with prejudice and awarding Defendant costs, including reasonable attorneys' fees, and all other relief which this Court deems just and proper.

Respectfully submitted,

Robert K. Furnier (0012701)
Todd J. Flagel (0066976)
Furnier & Thomas, LLP
One Financial Way, Suite 312
Cincinnati, Ohio 45242
(513) 745-0400

**Trial Attorneys for Defendant
Vimal Patel**

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served by regular U.S.

mail, postage prepaid upon Mitchell W. Allen, Esq., 52 E. Mulberry Street, P.O. Box

435, Lebanon, Ohio 45036 this 25th day of June 2002.

## FURNIER & THOMAS, LLP
ATTORNEYS AT LAW
ONE FINANCIAL WAY, SUITE 312
CINCINNATI, OHIO 45242
(513) 745-0400   FAX: (513) 792-6724

Todd J. Flagel
(513) 792-6722
Tflagel@FandTlaw.com

June 20, 2002

Mitchell W. Allen, Esq.
Allen & Crossley, LPA
52 East Mulbery Street
Post Office Box 435
Lebanon, Ohio 45036

Re:     MBJS, Incorporated

Dear Mr. Allen:

We represent Ashvin Patel for the purpose of examining the books and records of MBJS, Incorporated.  As you know, Mr. Patel is the record and beneficial owner of shares of MBJS, Incorporated

On behalf of Mr. Patel, we hereby make written demand to examine the books and records of account and the records of shareholders of MBJS, Incorporated, and to make copies or extracts thereof for the purpose of securing information as to the details of the business of MBJS, Incorporated, and the status of its affairs, investigating whether there are any improprieties in its management and operation, and communicating with other shareholders regarding the affairs of MBJS, Incorporated. We wish to make such examination (and copies or extracts) at the earliest reasonable time.  Thank you for your cooperation.

Sincerely,

Todd J. Flagel

RECEIVED OCT 2 9 2002

**FILED**
OCT 2 3 2002
KENNETH J. MURPHY, Clerk
CINCINNATI, OHIO

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION (AT CINCINNATI)

| | | |
|---|---|---|
| MBJS, INC., | : | Case No. C-1-02 372 |
| | : | |
| Plaintiff, | : | Judge Dlott |
| | : | |
| vs. | : | **WRITTEN APPLICATION OF** |
| | : | **FURNIER & THOMAS, LLP TO** |
| VIMAL PATEL, et. al., | : | **WITHDRAWAL  AS TRIAL** |
| | : | **ATTORNEYS FOR VIMAL PATEL** |
| Defendants. | : | **AND ASHVIN PATEL** |

NOW COMES Furnier & Thomas, LLP, pursuant to Local Rule 83.5(e) and

hereby makes written application to withdrawal as trial attorneys for Defendant Vimal

Patel and Defendant Counterclaim Plaintiff Ashvin  Patel.  This motion is supported by

the attached memorandum.  A proposed order is attached for the Court's convenience.

Respectfully submitted,

Robert R. Furnier (0012701)
Todd J. Flagel (0066976)
Furnier & Thomas, LLP
One Financial Way, Suite 312
Cincinnati, Ohio 45242
(513) 745-0400

Trial Attorneys for Defendant
Vimal Patel and Ashvin Patel

## MEMORANDUM

On May 24, 2002, Defendant Vimal Patel, through counsel, removed this case from the Butler County Court of Common Pleas to this Court. In August 2002, Defendant Ashvin Patel, through counsel, filed an answer and counterclaim. On October 4, 2002, this Court issued a scheduling order, setting a trial date for August 18, 2003.

Circumstances have arisen that have made it unfeasible for Furnier & Thomas, LLP to continue to serve as trial counsel for Defendant Vimal Patel or Defendant Counterclaimant Ashvin Patel. Accordingly, Furnier & Thomas, LLP hereby asks this Court for an order granting its motion to withdrawal as trial attorneys.

Respectfully submitted,

Robert R. Furnier (0012701)
Todd J. Flagel (0066976)
Furnier & Thomas, LLP
One Financial Way, Suite 312
Cincinnati, Ohio 45242
(513) 745-0400

Trial Attorneys for Defendant
Vimal Patel and Ashvin Patel

2

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing has been served by regular U.S. mail, postage prepaid, and by facsimile, upon the clients: Vimal Patel, 1240 Blackburn Court, Apartment 109, Gurnee, Illinois 60031 and Ashvin Patel, 33 Albert Promenade, Loughborough, Leciester, LE 411 RB, U.K., and counsel for Plaintiff, Mitchell W. Allen, Esq., 52 E. Mulberry Street, P.O. Box 435, Lebanon, Ohio 45036 this 21st day of October 2002.

_____

3



FILED
KENNETH J. MURPHY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

02 OCT 30  PM 2: 28

SOUTHERN DIST OHIO
WEST DIV CINCINNATI

MBJS, INC.,

vs.                                        Case Number: C-1-02-372

VIMAL PATEL, et al,

| | |
|---|---|
| Judge | 4819 |
| Mag. | |
| Journal | |
| Issue | CMTC |
| Docketed | NA |

### ORDER

This matter is before the Court upon the motion of counsel for defendants to withdraw

(Doc. 10).  A hearing will be held in open Court on FRIDAY, DECEMBER 13, 2002 at 11:30

a.m. in Room 836 of the Potter Stewart U.S. Courthouse, 100 E. Fifth Street, Cincinnati, Ohio.

Counsel is hereby directed to advise defendants by certified mail of the hearing. Failure

of defendants to appear may be grounds for granting a default judgment.

IT IS SO ORDERED.

Susan J. Dlott
United States District Judge

## LETTER OF INTENT

March 9, 2002

Mulraj Gandhi
MBJS Inc.
DBA Ramada Limited
4670 Dixie Highway,
Fairfield, Ohio 45014

This serves as a letter of intent to purchase the property known as the Ramada limited complete with all furniture, fixtures & equipment, located at 4670 Dixie Highway, Fairfield, Ohio 45014, with the following terms, conditions and contingencies.

Purchase Price $1,850,000

This offer is contingent upon the following items

1   Final Purchase Agreement
2   Buyer's ability to obtain acceptable financing
3   Seller guarantee for the furniture, fixture and equipment free from any liens and in good working condition
4   Premises to be termite free
5   All windows to be in good acceptable condition

This offer is good till April 30, 2002

Accepted By

"Sellers"                                    "Buyers"


                                             Padmasen Kanani, Member
                                             SG Management LLC


Mulraj Gandhi, President,
MBJS Inc.      4/28/02                        Samir Gandhi, Member
                                             SG Management LLC

12

**EXHIBIT B**

The seller warrants that the company owns all furniture; fixtures, equipment, and inventory are free and clear of all liens.

The seller further warrants that none of items shall be removed from the premises without the prior consent of the buyer.

The seller guarantees that all equipment will be in the working condition on the date of closing.

The buyer will have 15 days from the date of transfer to check and report in writing any equipment that not in working condition.

The seller will either fix , or replace such equipment to seller's satisfaction.

9

EXHIBIT C

Seller warrants that the MBJS Inc. owns all furniture, fixtures & equipment free and clear, and that none of the items are leased.

**EXHIBIT D**

1  TERMITE - It was relived during the inspection that the hotel has a severe termite problem; As per the Terminix, it requires two-year treatment to effectively make the premises termite free. Seller shall pay for the termite treatment for two years.

2  ROOF LEAKS - There are several roof leaks in the guestrooms, hallways, laundry room, meeting room, and banquet room. The seller shall fix all leaks and repair all damages to the buyer's satisfaction.

3  WINDOWS – Seller agrees to repair or replace windows with the damaged seals.

# NOTICE TO THE MBJS INC. SHAREHOLDERS
# ANNUAL MEETING

**Mulraj Gandhi**                    (153 Shares)
5543 Homecrest Lane,
Mason, Ohio 45040

**Ashvin Patel & Vimal Patel**        (87 Shares)
1240 Blackburn Court,
Apt. 109
Gurnee, ILL 60031

**Mahendra Patel**                   (36 Shares)
1388 Rosebud Lane
Addison, ILL 60510

**Kiran Patel**                      (24 Shares)
960 Boynmawr Ave.
Roselle, ILL 60172

**Meeting Date:**      April 2, 2002

**Meeting Time:**      10AM

**Meeting Address:**   Ramada Limited
                       4670 Dixie Highway,
                       Fairfield, Ohio 45014

**Meeting Agenda**     Elect Board Of Directors

                       Authorize $36,000 per year salary for the President

                       Terminate Ramada Limited Franchise. Obtain Econolodge Franchise.

                       Authorize an additional 300 shares @ $1100 per share to raise equity capital of $330,000.

                       Refinance to payoff the existing mortgages.

                       All the above resolutions will be adopted by a majority vote of 51%

**Mulraj Gandhi, President**
**March 11, 2002**

**Rekha Gandhi, secretary & Treasurer**

**Mulraj Gandhi, Board of Director.**

**CC:** Mitch Allen, Attorney.



# VERY URGENT ATTENTION

Date : 30th March 2002

From : Ashvinkumar Patel / Vimal Patel
         Fax No : 011 44 1509 211738 – England – U.K.

To : Mulraj Gandhi  -  President

To : Rekha Gandhi  - Secretary/Treasurer

         Fax No : 001 513 754 8774 – Ohio – U.S.A.


Dear Mulraj and Rekha,

Further to my Fax to you dated 26th March 2002 and your unacceptance of the date of the meeting be changed to fit my schedule, I am really disappointed.

Out of 4 Shareholders – we three namely : Vimal/Ashvinkumar, Mahendra and Kiran are willing to conduct the meeting on 22nd April 2002 and at that meeting we will be able to discuss all the resolutions as per your Fax Messages of 30th March 2002.

Please let me know as my presence is crucial to resolve the situation.

Kind regards.

Ashvinkumar Patel


cc :  Mahendra Patel  and  Kiran Patel
        Shareholders – MBJS Inc – U.S.A.

9

# RAY GANDHI

## PHONE 513-608-2728
## FAX 513-754-8774

---

### FACSIMILE TRANSMITTAL SHEET

| To: Ashvin Patel | From: Ray Gandhi |
|---|---|
| Company: | Date: MARCH 28, 2002 |
| Fax number: 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-211788 | Pages including cover: 1 |
| Phone number: | Sender's account number: |
| Re: | Your reference number: |

---

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

---

Dear Ashvin,

RE: Shareholder's meeting scheduled for April 2, 2002 @ 10 AM

Unfortunately we will not be able to change the meeting date, as it is co coordinated with the attorney.

We are in the process of preparing various resolutions for the MBJS Inc.

I will fax you those resolutions, which you can vote on and fax back to me before the meeting.

Mulraj Gandhi

4670 Dixie Highway, Fairfield, Ohio 45014

# RAY GANDHI
## PHONE 513-608-2728
## FAX 513-754-8774

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| To:<br>Ashvin Patel | From:<br>Mulraj Gandhi |
| Company: | Date:<br>MARCH 30, 2002 |
| Fax number:<br>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-211788 | Pages including cover:<br>9 |
| Phone number: | Sender's account number: |
| Re: | Your reference number: |

☐ URGENT   ☐ FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

Dear Ashvin,

Attached please find the copies of the Resolutions that will be voted on in the shareholder's meeting scheduled on April 2, 2002 at 10 AM.

As I indicated in my previous fax, you can vote on these important resolution and fax back to me prior to the meeting. My fax number is 513-754-8774

Mulraj Gandhi, President
MBJS Inc.

4870 Dixie Highway, Fairfield, Ohio 45014

Date: April 2, 2002                                    Time: 10 AM

# MBJS INC
## SHAREHOLDER'S MEETING

The following shareholder's meeting, for the MBJS Inc. (Corp) took place at the above
date and time at the following address 4670 Dixie Highway, Fairfield, Ohio 45014

The following shareholders were present.

| | | | |
|---|---|---|---|
| Mulraj Gandhi, Director / President | | (Yes)_____ | (No)_____ |
| Rekha Gandhi, Secretary & Treasurer | | (Yes)_____ | (No)_____ |
| Mulraj Gandhi | 51% | (Yes)_____ | (No)_____ |
| Ashvin & Vimal Patel | 29% | (Yes)_____ | (No)_____ |
| Mahendra Patel | 12% | (Yes)_____ | (No)_____ |
| Kiran Patel | 08% | (Yes)_____ | (No)_____ |

Representing _____ % of the outstanding shares.

## RESOLUTION (4) - REFINANACING

The current 1st Mortgage loan from Dr. Bafna is maturing on July 31, 2002.
Authorize Board Of Director to refinance the existing loans.
I/We will submit financial statement & personal guarantee as required by the landing
institution within one week from the request.

Shareholders voted in the following manner

| | | | |
|---|---|---|---|
| Mulraj Gandhi | 51% | (For)_____ | (Against)_____ |
| Ashvin & Vimal Patel | 29% | (For)_____ | (Against)_____ |
| Mahendra Patel | 12% | (For)_____ | (Against)_____ |
| Kiran Patel | 08% | (For)_____ | (Against)_____ |

The Resolution is _____ (Passed Or Failed) by a Majority Vote of _____ %

Rekha Gandhi - Secretary

Date: April 2, 2002                                     Time: 10 AM

# MBJS INC
# SHAREHOLDER'S MEETING

The following shareholder's meeting, for the MBJS Inc. (Corp) took place at the above date and time at the following address 4670 Dixie Highway, Fairfield, Ohio 45014

The following shareholders were present.

| | | | |
|---|---|---|---|
| Mulraj Gandhi, Director/ President | | (Yes)_____ | (No)_____ |
| Rekha Gandhi, Secretary & Treasurer | | (Yes)_____ | (No)_____ |
| Mulraj Gandhi | 51% | (Yes)_____ | (No)_____ |
| Ashvin & Vimal Patel | 29% | (Yes)_____ | (No)_____ |
| Mahendra Patel | 12% | (Yes)_____ | (No)_____ |
| Kiran Patel | 08% | (Yes)_____ | (No)_____ |

Representing _____ % of the outstanding shares.


## RESOLUTION (3) – BORROW MONEY FOR WORKING CAPITAL

Authorize the director to continue borrow money from any individual, shareholder, bank or corporation to pay bills, at an interest rate not to exceed 12%, and sign promissory notes.

Shareholders voted in the following manner

| | | | |
|---|---|---|---|
| Mulraj Gandhi | 51% | (For)_____ | (Against)_____ |
| Ashvin & Vimal Patel | 29% | (For)_____ | (Against)_____ |
| Mahendra Patel | 12% | (For)_____ | (Against)_____ |
| Kiran Patel | 08% | (For)_____ | (Against)_____ |

The Resolution is _____ (Passed Or Failed) by a Majority Vote of _____ %


_____
Rekha Gandhi - Secretary

Date: April 2, 2002

Time: 10 AM

# MBJS INC
# SHAREHOLDER'S MEETING

The following shareholder's meeting, for the MBJS Inc. (Corp) took place at the above date and time at the following address 4670 Dixie Highway, Fairfield, Ohio 45014

The following shareholders were present.

| | | | |
|---|---|---|---|
| Mulraj Gandhi, Director/ President | | (Yes)_____ | (No)_____ |
| Rekha Gandhi, Secretary & Treasurer | | (Yes)_____ | (No)_____ |
| Mulraj Gandhi | 51% | (Yes)_____ | (No)_____ |
| Ashvin & Vimal Patel | 29% | (Yes)_____ | (No)_____ |
| Mahendra Patel | 12% | (Yes)_____ | (No)_____ |
| Kiran Patel | 08% | (Yes)_____ | (No)_____ |

Representing _____ % of the outstanding shares.

## RESOLUTION (1) – ELECT DIRECTOR

Re-elect Mulraj Gandhi as a Director of the MBJS Inc, until the next Shareholder's meeting.

Shareholders voted in the following manner

| | | | |
|---|---|---|---|
| Mulraj Gandhi | 51% | (For)_____ | (Against)_____ |
| Ashvin & Vimal Patel | 29% | (For)_____ | (Against)_____ |
| Mahendra Patel | 12% | (For)_____ | (Against)_____ |
| Kiran Patel | 08% | (For)_____ | (Against)_____ |

The Resolution is _____ (Passed Or Failed) by a Majority Vote of _____ %

Rekha Gandhi - Secretary

Date: April 2, 2002                                              Time: 10 AM

# MBJS INC
# SHAREHOLDER'S MEETING

The following shareholder's meeting, for the MBJS Inc. (Corp) took place at the above
date and time at the following address 4670 Dixie Highway, Fairfield, Ohio 45014

The following shareholders were present.
Mulraj Gandhi, Director/ President        (Yes)_____ (No)_____
Rekha Gandhi, Secretary & Treasurer       (Yes)_____ (No)_____
Mulraj Gandhi            51%              (Yes)_____ (No)_____
Ashvin & Vimal Patel     29%              (Yes)_____ (No)_____
Mahendra Patel           12%              (Yes)_____ (No)_____
Kiran Patel              08%              (Yes)_____ (No)_____

Representing _____ % of the outstanding shares.


# RESOLUTION (2) – SHAREHOLDER'S EQUITY CONTRIBUTION FOR THE CASH FLOW SHORTAGE

The company is facing severe cash flow problem.
I/We will send a check for my/our equity contribution share to meet the cash flow
shortage within one week from the request date from the President.


Shareholders voted in the following manner

Mulraj Gandhi           51%   (For)_____(Against)_____

Ashvin & Vimal Patel    29%   (For)_____(Against)_____

Mahendra Patel          12%   (For)_____(Against)_____

Kiran Patel             08%   (For)_____(Against)_____


The Resolution is _____ (Passed Or Failed) by Unanimous Vote of _____ %


                                          Rekha Gandhi - Secretary