# In the United State District Court
## for the Southern District of Ohio
### Western Division at Cincinnati

**MBJS, Inc.**

        **Plaintiff**

**vs.**

**Vimal Patel, et al.**

        **Defendants**

**Case No. C-1-02-372**

**Judge: Dlott**

**Memo Contra Defendant's Motion to Vacate Default Judgment**

Now comes Plaintiff MBJS, Inc., by and through counsel, and states its opposition to the Motion to Vacate Default Judgment filed by Defendant, Vimal Patel.

ALLEN & CROSSLEY, LPA

/s/ Mitchell W. Allen
_____
Mitchell W. Allen, No. 0052661
Counsel for Plaintiff
52 E. Mulberry St., P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)



Allen & Crossley, LPA
Attorneys and Counselors at Law

52 East Mulberry St.
P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)

# Memorandum

1. On April 18, 2002, Plaintiff filed a Complaint against Defendants alleging among other things Fraud, Breach of Contract, and Conversion.

2. Defendants were served with a copy of the complaint and the summons.

3. On May 24, 2002, Defendants filed a Notice of Removal to Federal Court.

4. On June 25, 2002 and August 2, 2002 the Defendants Answered Plaintiff's Complaint and filed Counterclaims against Plaintiff.

5. On September 5, 2002, Plaintiff Replied to Defendants' Counterclaims.

6. On October 23, 2002, counsel for Defendants filed a Motion to Withdraw as Counsel.

7. On October 30, 2002, the Court ordered counsel for Defendants to notify by certified mail the Defendants to be present and that failure to appear might constitute grounds for default judgment.

8. On December 13, 2002, a hearing was held on Defendants' Counsel's motion. Defendants' Counsel, Todd J. Flagel was present as was counsel for Plaintiff, Mitchell W. Allen.  Defendants were not present.

9. Mr. Flagel presented to the Court his reasons for requesting the withdrawal, namely that he had had no contact with his clients since approximately August of 2002, and that he had notified them of the present hearing and they had failed to show or to otherwise communicate with him.

10. The Court granted him leave to withdraw and instructed Plaintiff's Counsel to file the instant Motion.  The Order finding that he had properly notified Defendants and granting his Motion was filed on December 20, 2002.

11. On December 20, 2002, Plaintiff filed a Motion for Judgment Pursuant to Rule 55 with attached S.D. Ohio Civ. R. 7.2(a)(2) notice or required response and served same by certified mail on moving Defendant, Vimal Patel, and by Federal Express on Ashvin Patel who resides in the U.K.

12. On January 29, 2003, Plaintiff submitted Evidence in Support of Default Judgment and, attached thereto as *Plaintiff's Exhibit 1,* was a true and accurate copy of the Domestic Return Receipt showing that Defendant Vimal Patel had been served with the Motion for Default Judgment.

13. This Court granted Judgment against Defendants on May 8, 2003 by Order and Judgment.



**Allen & Crossley, LPA**
Attorneys and Counselors at Law

52 East Mulberry St.
P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)

14. On or about March 29, 2004, Defendant, Vimal Patel brought a Motion to Vacate Default Judgment, alleging, among other things, that the Court's findings that he was properly served with his attorney's motion to withdraw as well as notice of the hearing date, the Motion for Default Judgment, and final Order, were erroneous and that his attorney, in spite of his representations to this Court on the record, were false, as, apparently, were Plaintiff's representations of service in the certificates of service and exhibits filed in this case.

15. He further alleges that he had, at the time of his Answer, counterclaims that he could have brought that he, for whatever reason, did not bring.

16. He then spends the balance of his Motion arguing about the hypothetical basis of his hypothetical counterclaims.

17. The hypothetical counterclaim that Defendant Vimal Patel proposes arises out the transaction or occurrence that is the subject matter of Plaintiff's suit and therefore would be a Compulsory counterclaim under F.R. Civ. Proc. 13(a) and would have had to be brought at the time of the Answer and it was not.

18. Beyond this, in his prayer for relief, he requests permission to file a "counterclaim" adding Mulraj Gandhi as a defendant, which would not be a counterclaim, but, evidently, a Third Party Complaint.

19. Defendant asks for relief under F.R. Civ. Proc. 55(c), but such reliance is misplaced. This Court did not merely grant an *Entry* of default against a party in an ongoing litigation, but on May 8, 2003 granted a *Judgment* in the case based on the Defendants Default and the subsequent damages prove-up by Plaintiff.

20. Rule 55(c) provided that Rule 60(b) is the appropriate avenue for relief where a Judgment has already been granted.

21. F.R. Civ. Proc. 60(b) lists six grounds upon which a motion for relief from judgment could be premised:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is not longer equitable that the judgment should have prospective application; (6) any other reason justifying relief from the operation of the judgment."

22. Defendant does not cite any specific provision of the rule as being the one under which he seeks relief, nor does he allege any facts which would entitle him to relief under any of the provisions in the rule.

23. He has not alleged that the judgment is void or that it has been satisfied.



Allen & Crossley, LPA
Attorneys and Counselors at Law

52 East Mulberry St.
P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)

24. He has not alleged that there is some newly discovered evidence that would allow him to have a new trial, since he there was no trial and he was completely dilatory in the case.

25. He has not alleged any sort of fraud by an adverse party.

26. He has also not alleged any mistake, inadvertence, surprise, or excusable neglect on his part or the part of his counsel that would entitle him to relief. He just insists that after being sued in 2002 and moving the case to Federal Court and Answering, it was perfectly reasonable for him to have no further contact with the Court, his counsel, or any party to this suit, including, apparently, his father Ashvin Patel, and to think that the case had gone nowhere.

27. And that assumes a best case scenario for Defendant. We know from the record that, in fact he received communications from his counsel, Plaintiff's counsel, and the Court, although he denies all this.

28. This leaves only the catch-all provision under item 6, but he has not alleged or proven "any other reason justifying relief." Plaintiff would submit that merely denying service of all communications and not bothering to communicate with one's own counsel or check the status of one's case in the Court for almost two years is not a reason justifying relief.

29. F.R. Civ. Proc. 54(b) is not applicable to the case at bar since the Court granted Judgment for Plaintiff and the moving Defendant had no affirmative claim for relief. Furthermore, the Judgment is clear that the Judgment is for Plaintiff and, naturally, not for either Defendant.

30. Accordingly, Plaintiff requests this Court Deny the Defendant's Motion with Costs to Defendant.

ALLEN & CROSSLEY, LPA

/s/ Mitchell W. Allen

_____
Mitchell W. Allen, No. 0052661
Counsel for Plaintiff
52 E. Mulberry St., P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)



Allen & Crossley, LPA
Attorneys and Counselors at Law

52 East Mulberry St.
P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)

# Certificate of Service

The undersigned certifies that a true and accurate copy of the foregoing was served by Electronic Mail this 19th day of April, 2004 on the following:

>Gary F. Franke
>Gary F. Franke, Co., LPA
>120 E. Fourth St., Suite 1040
>Cincinnati, Ohio 45202

>ALLEN & CROSSLEY, LPA

>/s/ Mitchell W. Allen
>_____
>Mitchell W. Allen, No. 0052661
>Counsel for the Plaintiff



Allen & Crossley, LPA
Attorneys and Counselors at Law

52 East Mulberry St.
P.O. Box 435
Lebanon, Ohio 45036
513-933-9011
513-933-9996 (fax)