FILED
JAMES BONINI
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

04 APR 29 PM 2:41

| | | |
|---|---|---|
| MBJS, INC. | : | Case No. C-1-02-372 |
| Plaintiff | : | (Judge Dlott) |
| v. | : | |
| VIMAL PATEL, et al. | : | **RESPONSE OF VIMAL PATEL TO "MEMO CONTRA" FILED BY PLAINTIFF** |
| Defendants | : | |

Now comes defendant, Vimal Patel, by and through his counsel and submits this Response to "Memo Contra" filed by plaintiff.

_____
Gary F. Franke            (#0029793)
GARY F. FRANKE CO., L.P.A.
Attorney for Defendant, Vimal Patel
120 East 4th Street - Suite 1040
Cincinnati, Ohio 45202
(513) 564-9222
Fax: (513) 564-9990

## MEMORANDUM

Plaintiff, MFJS takes great pains in regurgitating the docket in this matter but fails to submit verification of the most significant document referenced in paragraph 12 of its Memorandum namely "Evidence in Support of Default Judgment" which attached as *Plaintiff's Exhibit 1*, a true and accurate copy of the domestic return receipt showing the defendant Vimal Patel had been served with the Motion for Default.

As indicated in the prior pleadings and Affidavit of Vimal Patel, he was not notified that his presence was required before this Court on December 13, 2002 or for that matter on any date whatsoever.

As set forth in paragraph 13 of the Memorandum of the plaintiff, judgment was granted against the defendant, Vimal Patel, on May 8, 2003 by a "Order and Judgment." The plaintiff does not indicate that a copy of this Judgment was forwarded to the defendant, Vimal Patel, nor that he was notified in any way whatsoever that a Judgment had been entered. In fact, in August, 2002, Todd J. Flagel, his counsel, told Mr. Patel that he was being removed as a defendant.

Rule 55(c) of the Federal Rules of Civil Procedure provide: "For good cause shown the Court may set aside an entry of default, and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

The pertinent parts of Rule 60(b) provides as follows:

> "Mistakes: Inadvertence; Excusable Neglect; Newly Discovered Evidence: Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6)any other reason justifying relief from the operation of the judgment."

Rule 60(b) provides that the court may vacate a judgment upon reasons "justifying relief from the operation of a judgment." In this regard, it is significant to refer to the General Averments ("Complaint") filed by the plaintiff in these proceedings specifically the Fifth Claim which is the only Count that relates to the defendant, Vimal Patel. The Complaint as to Vimal Patel is set forth as follows:

"Fifth Claim

(Person Needed for just Addjudication(sic))

40. Plaintiff realleges each and every allegation contained above as if fully rewritten herein.
41. Because Defendant Vimal Patel is now a holder of share of defendant MBJS, Inc. and because such shares may have been acquired through fraud or as a result of unjust enrichment, Defendant Vimal Patel _may_ have an interest in this litigation.
42. Because of his interest in the litigation, Vimal Patel is a party needed for just adjudication."

Under Rule 9(b) of the Federal Rules of Civil Procedure it is stated that in all averments of fraud "The circumstances constituting fraud ... shall be stated with particularity." No where in this Fifth Claim is the particularity requirement for alleging fraud complied with and furthermore the claim of "unjust enrichment" does not comport with the rules of pleadings as set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

It states in the Complaint filed against Vimal Patel that he is being added as a "necessary party" and curiously with no pleadings to support the imposition of a monetary judgment, a Motion for Judgment is filed notwithstanding the fact that he had an Answer on file, and judgment is obtained under circumstances which are unfair, unjust and highly prejudicial to the defendant, Vimal Patel. Mr. Patel should have a right to be heard on the merits of his claim and the right to interpose a defense to a claim that does not meet the pleading requirements of the Federal Rules of Civil Procedure.

Based upon the fact set forth above, as supported by the Affidavit of Vimal Patel, and Supplemental Affidavit of Vimal Patel, it is clear that the judgment was entered by mistake, inadvertence and excusable neglect and the reasons to vacate the judgment

as set forth above justify relief from the operation of the judgment and that a different result would be highly prejudicial to Patel without concomitant prejudice to plaintiff.

WHEREFORE, for all of these reasons, Vimal Patel respectfully implores this Court to grant the relief requested vacating the judgment entered on May 8, 2003 and giving the defendant leave to file a proper response to the original Complaint filed in these proceedings by MBJS, Inc. and for leave to file a Counterclaim.

Gary F. Franke                    (#0029793)
GARY F. FRANKE CO., L.P.A.
Attorney for Defendant, Vimal Patel
120 East 4th Street - Suite 1040
Cincinnati, Ohio 45202
(513) 564-9222
Fax: (513) 564-9990

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response of Vimal Patel to "Memo Contra" Filed by Plaintiff has been served upon all counsel of record, including Mitchell W. Allen, Allen & Crossley, LPA, P. O. Box 435, Lebanon, Ohio 45036, Robert Raymond Furnier, Rasheed A. Simmonds, Scott Rowland Thomas and Todd J. Flagel, Furnier & Thomas, Suite 312, One Financial Way, Cincinnati, Ohio 45242 this 28th day of April, 2004 by regular United States Mail.

Gary F. Franke
Attorney at Law