UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MBJS, Inc.,
    Plaintiff

vs                              Case No. 1:02-cv-372-SJD-TSH
                              (Dlott, J.; Hogan, M. J.)

Vimal Patel, et. al.,
    Defendants

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Vimal Patel's to vacate order granting default judgment (Doc. 18), plaintiff's memorandum in opposition (Doc. 19), and defendant's reply. (Doc. 20). The District Court referred this matter to the undersigned pursuant to 28 U.S.C. 636. (Doc. 21). For the reasons set forth more fully below, the Court recommends that the motion for an order setting aside default judgment be granted.

**Background**

Plaintiff initiated this action in Butler County, Ohio, Common Pleas Court on April 18, 2002, with the filing of a complaint alleging breach of contract, fraud, conversion, and unjust enrichment and naming as defendants Ashvin Patel and Vimal Patel. (Doc. 1, Notice of Removal, Complaint, attached). On May 24, 2002, defendant Vimal Patel filed a Notice of Removal and removed the case to this Court

based on diversity jurisdiction. (Id.). On June 25, 2002, defendant Vimal Patel filed an answer to the complaint. (Doc. 2). Defendant Ashvin Patel answered the complaint and filed a counterclaim on August 2, 2002. (Doc. 3). In October 2002, counsel for defendants moved to withdraw. (Doc. 10). On October 30, 2002, the District Court set a hearing on counsel's motion to withdraw for December 13, 2002, and ordered counsel for defendants to advise their clients of the hearing by certified mail. (Doc. 11). The Court further ordered that counsel advise the defendants that failure to appear at the December 13, 2002 hearing might be grounds for granting a default judgment. (Id.).

A Civil Minutes entry from the Court's docket indicates that the Court conducted the hearing on December 13, 2002, at which time the Court indicated it would grant the motion to withdraw. (Doc. 12). In addition, the Court directed counsel for plaintiff to file a motion for default judgment by December 20, 2002. (Id.). By Order dated December 20, 2002, the District Court determined that counsel for defendants had advised their clients of the hearing by certified mail as required by the Court's October 30, 2002 Order. (Doc. 13). The Court found that counsel's reasons for requesting to withdraw, which were set forth on the record in open court, were sufficient to comply with S.D. Ohio L.R. 4.3(3) and consequently, the motion to withdraw was granted. (Id.).

In accordance with the Court's instructions, counsel for plaintiff filed a motion for default judgment on December 20, 2002. (Doc. 14). Plaintiff supplemented the motion with evidentiary materials filed on January 29, 2003. (Doc. 15). On May 8, 2003, the District Court entered an order granting the motion for default judgment

against both defendants. (Doc. 16). On that same date a judgment was entered consistent with the Court's order. (Doc. 17). Defendant Vimal Patel filed the instant motion on March 29, 2004.

## Arguments of the Parties

Defendant Patel argues that the entry of default judgment should be set aside because he never received notice of counsel's motion to withdraw, nor did he receive notice of the hearing on that motion, despite the District Court's instructions to counsel that he be notified by certified mail. Defendant also asserts that he was never served with a copy of plaintiff's motion for default judgment. Defendant claims that he did not know the motion for default judgment had been filed or that the Court had granted said motion until a Citation to Discover Assets was served upon him on or about March 9, 2004, by the District Court for the Northern District of Illinois where plaintiff has filed a certification of judgment. Lastly, defendant argues that entry of default judgment was improper because his answer raises several affirmative defenses which the Court never addressed, and because defendant Ashvin Patel's answer asserts a counterclaim that was never resolved.

Plaintiff argues that the motion to set aside default judgment should be denied because defendant Patel was properly served with all the motions and Court orders concerning withdrawal of counsel and entry of default. Plaintiff also argues that defendant Patel has failed to set forth any basis for setting aside default judgment as required by Fed. R. Civ. P. 60(b). Plaintiff further argues that defendant seek to set aside default judgment based on allegations concerning a counterclaim that defendant Vimal Patel could have raised but failed to assert at the time of his answer.

In response, defendant Vimal Patel asserts that default judgment should be set aside pursuant to Fed. R. Civ. P. 60(b)(1) & (6). Defendant argues that the complaint fails to set forth specific fraud allegations with respect to defendant Vimal Patel, thereby rendering the pleading insufficient pursuant to Rule 9 with respect the this defendant. Defendant asserts that judgment against him is unfair because he was not properly served with the motion papers or court orders regarding withdrawal of counsel and the motion for default judgment. Defendant avers in an affidavit attached to his reply brief that the certified mail receipt attached to defendant's supplemental evidence in support of default judgment does not bear his signature.

## Legal Standard

After default judgment has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside the default judgment. The decision whether to set aside an entry of default judgment is within the Court's discretion. *INVST Financial group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). The Court's exercise of its discretion should be based on its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95. While an entry of default may be set aside for good cause shown, a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). In addition to a review of Rule 60(b)'s standards for setting aside a judgment by default, the Court must also consider Rule 55's three equitable factors in determining whether to set aside the default judgment: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default.

*INVST*, 815 F.2d at 398; *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 433 (6th cir. 1996); *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192 (6th Cir. 1986); *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983).

> Rule 60(b), in turn, provides that:
>
> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . .

Where a party seeks to set aside default judgment pursuant to Fed. R. Civ. P. 60(b)(6), the party has a high burden to meet in order to obtain relief, "for it is well established that relief under Rule 60 (b)(6) is warranted 'only in exceptional or extraordinary circumstances'." *That's Entertainment, Inc. v. Club Images, Inc.*, 178 F.R.D. 143, 145 (E.D. Mich. 1997)(quoting *Fuller v. Quire*, 916, F.2d 358, 360 (6th Cir. 1990)). *Accord Sparton Engineered Products, Inc. v. Cable Control Technologies, Inc.*, 1999 WL 115472 at **3 (6th Cir. Feb. 10, 1999)(Rule 60(b)(6) applies only in exceptional circumstances not covered by the grounds for relief enumerated in subsections (b)(1)

through (b)(5) of the Rule.).

## Analysis

In the present case, defendant seeks relief from judgment under 60(b)(1) and (b)(6). To the extent that defendant Vimal Patel argues default judgment was entered due to mistake, this Court finds merit to that argument. Defendant claims that he was not properly served with the motion papers and Cor orders regarding counsel's motion to withdraw and the subsequent motion for default judgment. The District Court did make a finding of proper notice based on counsel's representations in open court that defendant Vimal Patel had been served with notice of the December 13, 2002 hearing on the motion to withdraw. (Doc. 13, Order granting Motion to Withdraw as Counsel for Defendants). However, the District Court never directed the Clerk of Courts to send certified mail copies of its orders directly to the defendants after they were no longer represented by counsel. Moreover, it appears that defendant Vimal Patel may not have been properly served by opposing counsel or his counsel.

This Court does not question counsel's integrity insofar as counsel represented that they believed defendant had been properly served. However, on the record before this Court, there is no proof of service of the moving papers beyond the certificates of service attached to the papers themselves. Neither counsel for plaintiff nor defendant's former counsel has filed either the originals or copies of the certified mail return receipts with the Court with one exception: the copy of the return receipt attached to plaintiff's Supplemental Materials in Support of Default Judgment (Doc. 15, Ex. 1). Defendant Vimal Patel avers that this return receipt does not bear his signature. In addition, the card indicates that the mail was sent to Defendant Vimal

Patel at 1240 Blackburn Ct., Apt. 109, Gurnee, Il 60031. (Id.). According to defendant Vimal Patel, his proper address from September 2000 to August 2003 was 1240 Blackburn Ct., **Apt. 104**, Gurnee, Il 60031. (Doc. 18, Affidavit of Vimal Patel, ¶ 2, attached). While service of the complaint to defendant at the Apartment 109 address was apparently made successfully, (see Doc. 1, Notice of Removal, certified mail return receipt, attached), the fact that service upon defendant at the wrong apartment was successful once does not mean that the Court can assume such service was effective for the balance of the litigation. Thus it appears that a mistake as recognized by Rule 60(b)(1) has occurred in light of the following factors: (1) the absence of additional proof of service, (2) defendant's averment that he never received service of the relevant filings, (3) defendant's averment that the certified mail return receipt for the motion for default judgment submitted by plaintiffs as supporting evidence in this case does not bear his signature.

Even assuming that service of the motion papers to the wrong address was received by someone who knew and or signed on behalf of defendant Vimal Patel, lack of actual notice may support the decision to set aside default judgment. *See Thompson, supra*, at 433; *Rooks v. American Brass Co.*, 263 F.2d 166, 168 (6th Cir. 1959). For these reasons, the Court finds that defendant has established mistake sufficient to satisfy Rule 60(b)(1). Because the Court finds that defendant has demonstrated mistake under Rule 60 (b)(1), the Court need not and will not address whether relief is justified under Rule 60(b)(6). Nevertheless, the Court must turn its attention to the three equitable factors set forth in *United Coin Meter*. 705 F.2d at 844.

Plaintiff has not demonstrated how it would be prejudiced if default against defendant Vimal Patel were set aside. For the setting aside of default judgment to be considered prejudicial, it must result in more than mere delay. *Thompson*, 95 F.3d at 433. Defendant notes that he was named in the Fifth Claim of the complaint as a Person Necessary for Adjudication, while the majority of the allegations involve Ashvin Patel. The setting aside of default judgment with respect to Vimal Patel does not affect the entry of default judgment against defendant Ashvin Patel. Plaintiff has not alleged any prejudice such as loss of evidence, increased difficulty in discovery, or a greater opportunity for fraud or collusion. *INVST Financial Group*, 815 F.2d at 398

In order to establish a meritorious defense, the defendant must state a defense which is good at law. *Id.* In other words, if the defense contains a suggestion which if proven at trial would constitute a complete defense, it is sufficient. Id. at 398-99. Defendant's answer satisfies this standard. Defendant Vimal Patel timely removed the action from state court, answered the complaint, and asserted several affirmative defenses which support the finding that he may have a meritorious defense to the allegations.

As for the final factor, culpable conduct requires either an intent to thwart judicial proceedings or a reckless disregard for effect of a defendant's conduct upon the proceedings. *Thompson*, 95 F.3d at 433. Having determined that service of the motion papers in this action appears to have been made to the wrong address , and recognizing that proof of actual service of the motions and orders at issue has not been made on the record, the Court finds that defendant's failure to appear at the

hearing on the motion to withdraw as counsel for defendants and the failure to respond to the motion for default judgment was not due to defendant's culpability. *See Shepard Claims Service*, 796 F.2d at 194. According to defendant's affidavit, he did not become aware of the default judgment until March 9, 2004. (Doc. 18, Patel Aff., ¶ 8). He obtained new counsel and moved to set aside default judgment less than three weeks later. This evidence of respect for the Court's process and defendant's effort to respond promptly once he alleges to have become aware of the judgment inclines the Court towards leniency. *Id.*

## IT IS THEREFORE RECOMMENDED THAT:

Defendant Vimal Patel's motion to set aside default judgment should be GRANTED.

_____
Timothy S. Hogan
United States Magistrate Judge

J:\LWW\Current Work Files\02-372 vacate default.wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

MBJS, Inc.,
    Plaintiff

vs                       Case No. 1:02-cv-372-SJD-TSH
                            (Dlott, J.; Hogan, M. J.)

Vimal Patel, et. al.,
    Defendants

## NOTICE

    Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 10/8/04 . Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

    In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.